Tayj.or, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The only propel" conclusion that can be-drawn from the statement of the case is, that the slave
 
 Violet
 
 was delivered to the female Plaintiff by
 
 Means
 
 when the gift was made.;
 
 *70
 
 for a transfer of possession is implied, since, without it, a gift is not valid. This continued up to the time of the n 4
 
 x
 
 marriage inclusive, and
 
 Spiers,
 
 the husband, then acquired, in right of his wife, the possession of the slave, which lie continued to hold during the time he remained in the house of Means. It signifies nothing that he left the slave with
 
 Means
 
 upon departing' from his house, for his separate right of action had attached upon the marriage : the property was a chose in possession, and world, have devolved upon his representatives, had he died the next day. That
 
 Spiers’s
 
 wife, before his marriage, and he afterwards, had possession, is further to be inferred from the fact stated, that
 
 Means
 
 claimed and exercised an 'ownership over the slave
 
 from the time
 
 the Plaintiffs left his house until his death ; from which the implication is necessary, that while the Plaintiffs continued at his house, he did
 
 not
 
 claim or exercise ownership over them. The right of
 
 Spiers,
 
 therefore, Vas effectually barred in 1803. In the cases heretofore decided, in which it was held, that the wife was properly joined in detinue, no possession in the husband appeared, and he was consequently suing for a chose in action, which, without such possession, no .Id survive to the wife. From this view of the case, ii results, that it is unnecessary to decide the other question arising out of the operation of the supervening coverture of Mrs.
 
 Spiers
 
 upon the statute of limitations.
 

 The judgment was therefore affirmed.